IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | Case No. 12 CR 853-1 |
| ) | |
| ROBERT BERRIOS ) | |

**MEMORANDUM OPINION AND ORDER**

MATTHEW F. KENNELLY, District Judge:

In 2017, a jury convicted Robert Berrios of conspiracy to commit robbery; nine counts of robbery; possessing a firearm after a felony conviction; and brandishing a firearm in connection with another offense. Due to his previous criminal history, the 2017 convictions rendered Berrios an "armed career criminal" subject to the sentencing provisions of 18 U.S.C. § 924(e)(1).

The presentence report assigned a total of 11 criminal history points to Berrios. Of these, 9 came from a series of armed robbery convictions in state court in 1998, and 2 resulted from the fact that Berrios had committed the offenses of conviction while on parole for the earlier state court convictions. *See* PSR ¶¶ 254-56. That put Berrios in criminal history category V, but the PSR concluded that because he was a career offender and an armed career criminal, his criminal history category was VI. The PSR also concluded that under U.S.S.G. §4B1.4(b), Berrios's offense level as an armed career criminal was the greater of the offense level as calculated the usual way, or the career offender offense level if it applied. *See id.* ¶ 232. Because the PSR concluded that the career offender provision of the Sentencing Guidelines applied, it found

Berrios's offense level to be 37—but it noted that the calculation would be the same if done the usual way, without the career offender designation. *See id.*

At sentencing, the Court addressed the defense's contention that the state court robbery convictions should be treated as one and thus that the career offender guideline should not apply. *See* Apr. 23, 2019 Tr. at 9. This was the preface to that discussion:

> DEFENSE COUNSEL: . . . Our argument is that he does qualify under the Armed Career Criminal Act but not under the career offender guideline.
>
> THE COURT: And remind me. So if he qualifies as an armed career criminal but not as a career offender, what does that do under the sentencing guidelines?
>
> DEFENSE COUNSEL: The effect would be, your Honor, that his guideline – the criminal history category remains the same. He is still a [VI].

*Id.* at 12.

After a detour to discuss a different Guidelines issue, the Court returned to the career offender point. The Court determined that the 1998 state court offenses should count as a single case under the relevant provision of the Guidelines, because they had been resolved as a package deal. The Court then returned to a discussion of Mr. Berrios's criminal history category:

> THE COURT: . . . They are one case.
>
> Okay. So that changes the criminal history points, as I understand it –
>
> AUSA: It does not.
>
> DEFENSE COUNSEL: The guidelines. I'm sorry, the offense level, not the criminal history points.
>
> THE COURT: It changes the offense level, not the criminal history points, but --
>
> AUSA: It does not –

2

> THE COURT: – since I didn't find in Mr. Berrios' way on the other [Guidelines issue], it doesn't change the bottom line.
>
> DEFENSE COUNSEL: Right, because --
>
> PROBATION OFFICER: The guidelines remain the exact same –
>
> THE COURT: Yeah. . . .
>
> In sum then, the criminal history category remains [VI], the offense level remains 37, and it doesn't change any of the guideline calculations in the recommendations section [of the presentence report].

*Id.* at 36-37. In other words, everyone agreed that Mr. Berrios's criminal history category was unaffected by the Court's determination that he was not a career offender. As a result, the Court did not make a specific finding on the number of criminal history points appropriately assigned—because it believed it did not need to do so.

The advisory range for a category VI offender with an offense level of 37 is 360 months to life (this does not count the conviction under 18 U.S.C. § 924(c) for brandishing a firearm, which is excluded from the offense level calculation). In this particular case, the Armed Career Criminal Act (ACCA) required a mandatory minimum sentence of 15 years (180 months) on the felon in possession charge, and the conviction for brandishing a firearm carried a mandatory minimum *consecutive* sentence of 7 years (84 months), meaning that the lowest sentence the Court could legally impose was 22 years (264 months). The Probation Office recommended a sentence totaling 30 years on the non-924(c) count, plus 7 years on that count, for a total of 37 years (444 months).

The Court imposed a sentence of 20 years (240 months) on the robbery convictions, a concurrent sentence of 23 years (276 months) on the felon in possession conviction, and a consecutive sentence of 7 years (84 months) on the conviction for

3

brandishing a firearm.  That made Mr. Berrios's total sentence 30 years (360 months).

Amendment 821 to the Sentencing Guidelines later modified the determination of criminal history points in various ways and made the changes retroactive.  Mr. Berrios filed a *pro se* motion for a sentence reduction, arguing that a modification eliminating certain so-called "status" points—those added when, for example, a person commits an offense while under a previous criminal justice sentence—entitled him to a reduction.

The Federal Defender supplemented Mr. Berrios's motion.  The supplement, without coming right out and saying it in so many words, contends the Court erred at the time of sentencing.  Specifically, the supplement argues that once the Court determined the career offender guideline did not apply, the proper criminal history determination would have given Mr. Berrios 8 criminal history points, not 11 as proposed in the presentence report, and a resulting criminal history category of IV.  This would have reduced his effective Guidelines range to 292 to 365 months, plus the 84 months on the § 924(c) charge.  Fast-forwarding to the present, the supplement says that without the 2 "status points" that no longer apply following Amendment 821, today Mr. Berrios would have 6 criminal history points.  Under normal circumstances that would reduce his criminal history category to III, but given the way the Guidelines calculate criminal history for ACCA offenders, his criminal history category cannot be lower than IV.  *See* U.S.S.G. § 4B1.4(c).  So even under current law, the supplement argues, the advisory range for the offenses other than the § 924(c) charge would still be 292 to 365 months, plus the 84 months on the §924(c) charge.

The Federal Defender's supplement acknowledges that the sentence the Court imposed upon Mr. Berrios is lower than 292 + 84 months:  specifically, the Court

4

imposed a sentence of 276 + 84 months.  Thus, the supplement acknowledges, Mr. Berrios is not entitled to a sentence reduction despite Amendment 821:  even when a sentence reduction is legally allowed, a court may not "reduce the defendant's term of imprisonment . . . to a term that is less than the amended guideline range."  U.S.S.G. § 1B1.10(b)(2)(A); *see* Suppl. to Def.'s Mot. at 5.

The Federal Defender's supplement to Mr. Berrios's motion, though conceding there can be no sentence reduction, asks the Court to correct Mr. Berrios's criminal history points and criminal history category.  The reason is that these figures are used by the Bureau of Prisons in determining an imprisoned person's security level and custody classification and may affect the imprisoned person's eligibility for programs.

In response, the government agrees that Mr. Berrios is not entitled to a sentence reduction despite Amendment 821.  The government objects to the other relief sought by Mr. Berrios.  It states that the errors cited in the supplement to Mr. Berrios's motion (i.e. placing him criminal history category VI rather than IV) were made at the time of sentencing and could have been argued on appeal but were not.  Thus, the government contends, the point has been waived.  The Court notes that the government does not take issue with the Federal Defender's contentions regarding how many criminal history points Mr. Berrios should have had then or would have now.

The Court agrees that Mr. Berrios is not entitled to a sentence reduction.  The sentence the Court imposed is below the low end of the range that would apply if one recalculated his criminal history based on Amendment 821's elimination of the two "status points" previously applied.  For this reason, and because 18 U.S.C. § 3582(c)(2) requires a sentence reduction in these circumstances to be "consistent with applicable

5

policy statements issued by the Sentencing Commission," the Court lacks authority to reduce Mr. Berrios's sentence. See U.S.S.G. § 1B1.10(b)(2)(A).

On the other relief sought by Mr. Berrios, the government contends that any error in the criminal history calculation is unrelated to Amendment 821 and that the Court therefore lacks jurisdiction under section 3582(c)(2) to consider it now. See Gov't Resp. at 7. But section 3582(c)(2) only governs a court's authority to modify a term of imprisonment after imposing it, and that is not what Mr. Berrios seeks via the Federal Defender's supplement to his motion. The Court sees nothing in that statute or elsewhere that precludes it from acknowledging its errors.

In this case, everyone—defense counsel, the government, the probation office, and the Court—missed the same point. But the buck stops here; the Court should have caught the error. There is no question that the Court erred when it concluded at sentencing that Mr. Berrios's criminal history category was VI. If the Court had determined Mr. Berrios's criminal history points correctly at the time, it would have found that he had 8 points and thus was appropriately placed in criminal history category IV. This results from 3 points for the 1998 state court robbery convictions, all counted as one sentence; 3 points for other convictions for crimes of violence that did not otherwise receive points (because they were treated as one sentence); and 2 "status points" for committing the current offenses while on parole. Today, based on Amendment 821, the 2 status points would not be imposed, and Mr. Berrios would have 6 criminal history points and would still be in criminal history category IV (due to the ACCA conviction). Defense counsel and Mr. Berrios may advise the Bureau of Prisons of the Court's order. It will be up to the Bureau of Prisons to decide what to do as a result.

6

**Conclusion**

For the reasons stated above, the Court denies defendant Robert Berrios's motion for reduction of sentence [613]. The Court finds, however, that at the time of sentencing Mr. Berrios appropriately had 8 criminal history points and a criminal history category of IV and that now, following Guidelines Amendment 821, he has 6 criminal history points and a criminal history category of IV.

Date: January 13, 2025

_____
MATTHEW F. KENNELLY
United States District Judge